IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILFRED SHEPPARD, | § § § | |
| Appellant, | § § | |
| v. | § § | 6:16-CV-169  RP |
| ARCELIA LOVE, | § § § | |
| Appellee. | § § | |

## ORDER

On May 27, 2016 Appellant Wilfred Sheppard ("Sheppard") filed a notice of appeal in the United States Bankruptcy Court, Western District, of an order determining the non-dischargeability of debt. The order was made in response to a complaint filed by Arcelia Love ("Love"), which argued that a debt Sheppard owed Love, a $1,000,000 judgment entered by the 146th Judicial District Court of Bell County, Texas, was non-dischargeable pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 727. Sheppard, who is before the Court pro se, filed his opening brief on June 21, 2016. Love filed her response brief on July 15, 2016, and Sheppard replied on July 15, 2016. Based on its review of this briefing, the record on appeal, and the relevant case law, the Court affirms the order of the Bankruptcy Court.

## I. BACKGROUND

This case is one of four different actions[1] to come before this Court regarding a dispute between Sheppard and Love, who are siblings. (Appellee's Br., Dkt. 4, at 4). Love maintains that she and Sheppard entered into a partnership agreement in 2012 to "invest in, construct, purchase and sell real estate in the Central Texas area." (Dkt. 1-3 at 45). Sheppard disputes that he ever entered into a partnership with Love. In October 2014, Love filed suit in the 146th Judicial District Court of

---

[1] Nos. 6:16-cv-077, 6:16-cv-144, 6:16-cv-148, and 6:16-cv-169.

1

Bell County, Texas alleging Sheppard had committed multiple breaches of fiduciary duty. (Dkt. 1-3 at 41). Sheppard failed to timely respond to the lawsuit, and the state court entered a final default judgment on January 9, 2015, awarding Love actual damages of $350,000 and exemplary damages of $700,000 (Dkt. 1-2 at 42). No appeal was taken. (Dkt. 1-4 at 5).

Sheppard filed for Chapter 7 bankruptcy on June 18, 2015. (Dkt. 1-4 at 5). Sheppard's schedules and statement of financial affairs omitted any present or former interest in the partnership with Love. (Dkt. 1-4 at 5–6). After learning of the bankruptcy proceeding, Love filed an adversary claim on November 23, 2015, alleging that the judgment Sheppard owed to her was not dischargeable in bankruptcy. (*See* Dkt. 1-4 at 3). Sheppard filed a motion for summary judgment with respect to Love's claim, but it was denied on April 20, 2016. (Dkt. 1 at 9). Then, on May 24, 2016, the bankruptcy court held a hearing in which it determined that Sheppard's debt to Love was not dischargeable, and entered an order to that effect the following day. (Dkt. 1 at 14). It is this order determining the non-dischargeability of Sheppard's debt that is before the Court today.

## II. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, the court functions as an appellate court, applying the standards of review generally applied in federal appeals: "[a] bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). "Under a clear error standard, th[e] court will reverse only if, on the entire evidence, [it is] left with the definite and firm conviction that a mistake has been made." *Id.*

## III. DISCUSSION

In his opening brief, Sheppard makes numerous arguments, which the Court finds generally fall into three categories—(1) that Love, her attorney, or the bankruptcy court judge, committed fraud on the court, (2) that the evidence presented at the hearing on dischargeability did not support

the bankruptcy court's conclusions, and (3) that Love was not entitled to the default judgment awarded to her in state court.

In response, Love argues that the decision of the bankruptcy court should be affirmed for four reasons: (1) that Sheppard's failure to provide this Court with a transcript of the proceedings requires this Court to dismiss the appeal, (2) that Sheppard's failure to preserve error on his points of appeal requires this Court to dismiss the appeal, (3) that Sheppard's fraud on the Court claim fails on the merits, and (4) that Sheppard seeks relief outside of that which this Court may grant on appeal. The Court will first consider Love's arguments that there are procedural obstacles that preclude a reversal of the judgment of the bankruptcy court, either because Sheppard failed to provide a transcript or because he failed to preserve error.

## A. Procedural Errors

Love first argues that because Sheppard has failed to order a transcript of the hearing he asks this Court to review, his appeal should be dismissed. Under Federal Rule of Bankruptcy Procedure 8009(a)(1)(A), "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). This record and statement must be filed within fourteen days after a party's notice of appeal is filed. *See id*. The appellant has a duty to order and include in this record "a transcript of such parts of the proceedings . . . the appellant considers necessary for the appeal . . . or file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Fed. R. Bankr. P. 8009(b)(1). "If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(5).

Here, the bankruptcy court held a hearing on May 24, 2016, in which it determined that Sheppard's debt to Love was not dischargeable, as set forth in the court's order entered the following day. The order provided that "the [c]ourt is of the opinion that judgment should be rendered for [Love] on all causes of action for the reasons set forth in the [c]ourt's Findings of Fact and Conclusions of Law *stated on the record* following the close of the evidence." (Dkt. 1-1 at 9 (emphasis added)). Sheppard filed his notice of appeal on May 27, 2016. (Dkt. 1 at 21). On June 15, 2016, the clerk for the bankruptcy court transferred to this court those items designated as part of the record by both parties. Within those materials, Sheppard indicated that the transcript of the hearing held on May 24, 2016 in which the bankruptcy court made conclusions regarding the dischargeabity of his debt to Love, should be included as part of the record on appeal. (Dkt. 1 at 37). However, as Federal Rule of Bankruptcy Procedure 8009(b) explains, it was Sheppard's duty to order and file a copy of the transcript. To this day, Sheppard has not supplied the Court with a record of the transcript. Further, Sheppard did not provide the transcript even after Love filed her brief, which clearly indicated (as do the Federal Rules of Bankruptcy Procedure) that a transcript was necessary to his appeal.[2] (Appellee's Br., Dkt. 4, at 4).

As stated in the order Sheppard now appeals, the bankruptcy court's findings of fact and conclusions of law were "stated on the record at the close of evidence." (Dkt. 1-1 at 9). Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court. And without such review the Court is left with no choice but to affirm the ruling of the bankruptcy court. *E.g.*, *In re Solomon*, 129 F.3d 608 (5th Cir. 1997) ("In the absence of a transcript, we must presume the bankruptcy court's findings of fact are correct and supported by the evidence; therefore, [appellant] simply cannot meet his burden on appeal."); *see also In re Foster*, 644 Fed. App'x 336, 338

---

[2] Instead, Sheppard responded that even in the absence of the transcript, the evidence demonstrates that the bankruptcy court's conclusions were contrary to law. (Appellant's Resp. at 3, Dkt. 5). This Court cannot, however, even review the complete evidentiary record because it is missing, at the least, a transcript of the live oral testimony.

4

(5th Cir. March 30, 2016) ("We cannot review [the bankruptcy's court's] determination because, in their appeal to the district court and again to this court, the [appellants] failed to include in the record a transcript of the evidentiary hearing."); *In re Dockal*, No. 04-5066-LMC, 2005 WL 3337774, at *2 (W.D. Tex. Sept. 6, 2005) ("Without the transcript, or at least the relevant portion thereof, appellants have no basis to argue on appeal that the Bankruptcy Court made an unsupported finding of fact or conclusion of law."); *In re Coady*, 588 F.3d 1312, 1316 (11th Cir. 2009) ("We will not speculate as to potential errors in the bankruptcy court's findings or conclusions when the appellant has failed to include the relevant evidence in the record.").

Thus, the Court affirms the findings of fact and conclusions of law made by the bankruptcy court on May 24, 2016, and the ruling that the debt owed by Sheppard to Love pursuant to the default judgement entered by the 146th Judicial District Court of Bell County is non-dischargeable. Because the Court reaches this conclusion, it need not consider Love's additional argument that Sheppard did not properly preserve error in the bankruptcy court.

### B. Fraud on the Court

In Sheppard's opening brief, he identifies the primary issue before the Court as whether Judge Ronald B. King "committed Fraud upon the Court when he awarded Final Judgment in favor of Plaintiff (Love)." (Appellant's Br., Dkt. 3, at 2). Both parties acknowledge that on May 31, 2016, Sheppard filed a separate civil action in which he asks this Court to address these same arguments. Because the Court has already considered and rejected Sheppard's arguments in an order in that suit, *see Sheppard v. King, et al.*, No. 6:16-cv-144 (W.D. Tex. Dec. 14, 2016) (dismissing claims for fraud on the court), it will not reconsider Sheppard's arguments here.

### C. State Court Default Judgment

In addition to arguing that fraud on the court occurred, Sheppard spends much of his briefing arguing that Love was not entitled to the state court judgment ordering that he pay Love

more than a million dollars. These arguments do not directly challenge the bankruptcy court's ruling on dischargeability, but instead, address the merits of the state court ruling and argue that the bankruptcy court erred in not reversing it. Sheppard argues at length that he was not Love's partner, and that the state court judgment, which was premised on Love's claims that he stole from their partnership, is therefore erroneous.

However neither this Court nor the bankruptcy court can modify or reverse the state court judgment. *Matter of Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998) (describing that *Rooker-Feldman* doctrine, as, "[i]n a nutshell, . . . hold[ing] that inferior federal courts do not have the power to modify or reverse state court judgments"). "[L]ower federal courts lack jurisdictional authority to sit in appellate review of state court decisions," regardless of whether the federal court deems a state court judgment improper. *Id.* Thus, the bankruptcy court was correct to ignore Sheppard's arguments. As Love herself has noted in briefing, there are forums in which Sheppard can lawfully challenge the default judgment awarded to Love in state court, (Appellee Br., Dkt. 4, at 9), but neither this Court nor the bankruptcy court is one of them.

### IV. CONCLUSION

Based on the foregoing, the Court denies Appellee's requested relief and **AFFIRMS** the ruling of the bankruptcy court.

**SIGNED** on December 14, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE